FRANK H. WOODBURY v. R. B. ZACHARY, Appellant and
SAMUEL REID.

**Assumption of Mortgage:** REFORMATION. The owner of land exe-
cuted two mortgages thereon for $600 and $150 respectively, a
subsequent deed thereof containing the words, "Subject to a
mortgage of $600, due March 1, 1891, and the grantee assumes
and agrees to pay." Such grantee then conveyed the land, the
deed containing the clause, "Subject to a mortgage of $600, due
in five years, and one mortgage of $150, payable in installments
of $15 every six months, until the whole amount be paid; which
sums the grantee assumes and agrees to pay." The grantee
testified that he agreed to take the land subject to the $600
mortgage, and to pay the $150 mortgage, but not to pay the
former, and that he instructed the attorney drawing the deed
to so prepare it. The attorney testified to the same effect and
that he intended to word it, "Subject to the $600, and assuming
the $150," as he put the word "and" in, and that he always said,
"which" where the word "and" is when he made a deed subject
to the one mortgage. Such evidence was uncontradicted. *Held*,
that the intention was to pay only the $150 mortgage, and hence
the deed would be reformed to correspond to the intention.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY,
Judge.

TUESDAY, MAY 28, 1901.

THE plaintiff, the owner and holder of a mortgage on
lands in the state of Kansas, executed by Harry Aylsworth,
to secure an indebtedness of $600, brings this action against
defendants, Zachary and Reid, subsequent grantees of said
land, to charge them with the balance due on said mortgage
debt, alleging that they separately agreed in the deeds to
them to pay said debt. The defendant Zachary alone an-
swered. He denied that he assumed the payment of said
mortgage indebtedness, and he alleged that there was a mis-
take in the deed to him, and asked that the case be trans-
ferred to equity, and said mistake corrected. The case was

so transferred and tried. The issues will more fully appear in the opinion. Decree was rendered in favor of the plaintiff against the defendants, R. B. Zachary and Samuel Reid, for $1,121.44. The defendant Zachary appeals.—*Reversed.*

*Guernsey & Granger* for appellant.

*C. O. McLain* for appellee.

GIVEN, C. J.—I. March 1, 1886, Harry Aylsworth, then owner of the land, executed the mortgage now owned by the plaintiff, and on or about the same day he executed another mortgage to the same mortgagee to secure the payment of $150. On the eighteenth day of November, 1890, James H. Zachary and wife, for the recited consideration of $3,000, executed their deed for said land to the appellant, in which deed, immediately following the description of the land, are these words: "Subject to a mortgage of $600, due March first (1st), 1891, and the grantee assumes and agrees to pay." Following this are the usual covenants as to title to the land, "and that they are free from incumbrance except as above stated." Plaintiff alleges that afterwards, and on the same day, R. B. Zachary and wife executed to Samuel Reid their warranty deed for said land, said deed containing the following: "Subject to a mortgage of $600, drawing 7 per cent. interest, due in five years from March 1, 1886, and one mortgage of $150.00, payable in installments of $15.00 every six months, until the whole amount be paid; which sums the grantee assumes and agrees to pay." In answer to this the defendant Zachary admits that he conveyed to Reid by warranty deed dated on or about the eighteenth day of November, 1890, "which deed this defendant admits contained what in terms purported to be an agreement on the part of the grantee therein to assume certain mortgage indebtedness upon the real estate conveyed in the said deed, but as to whether or not the same is correctly set out in the plaintiff's amended and substituted petition this defendant has not now knowledge or information sufficient to form a be-

lief." On the eleventh day of December, 1893, this plaintiff, in an action against Samuel Reid and others, not including appellant, obtained a decree in the district court of Clark county, Kan., foreclosing the $600 mortgage, and upon sale of the land thereunder a sum over and above costs was realized, and credited on the judgment, and this action is to recover the balance due on said mortgage indebtedness.

II.    It will be observed that the language in the deed to appellant upon which it is sought to charge him is incomplete, and does not fully express the agreement. It says: "Subject to a mortgage of $600, due March first (1st), 1891, and the grantee assumes and agrees to pay." Appellee contends that it is the $600 mortgage that appellant agreed to pay. Appellant contends that it is the $150 mortgage that he agreed to pay, and that by mistake it was omitted to add to said words reference to said $150 mortgage as the one he assumed and agreed to pay, and it is in this particular that he asks to have the deed reformed. The deed was filled up in part by appellant and in part by an attorney, Mr. Balthis, who wrote the words we have quoted. Appellant testifies as follows: "I agreed to take the $600 mortgage subject to it, and not to assume the payment of it. The balance of the $150 mortgage I assumed and agreed to pay. * * * I agreed to take the farm subject to the mortgage of $600. * . * * I told Mr. Balthis I wanted him to prepare the deed from my brother to myself. There were two mortgages on the farm; one was $600, and the other $150; and I wanted Mr. Balthis to draw the deed so I would not be held on the first mortgage. The $150 mortgage I wanted to assume." Mr. Balthis testified: "He wanted the deed drawn up subject to $600, and agreed to pay $150. * * * Well, I intended to make it subject to the $600 and assuming the $150. * * * I undoubtedly intended to insert that, as I put the word 'and' in there, and I always say 'which' where the word 'and' is when I make a deed subject to the one mortgage." This testimony stands uncontradicted, and

shows the true agreement and mistake.    It shows what was evidently omitted in the deed.    The deed, upon its ·face, is incomplete.    It fails to show what the grantee assumed and agreed to pay, and this evidence without contradiction shows what was omitted.    The plaintiff fails to produce any evidence to show that the omission was other than as claimed by appellant, or what the omission was.    It is argued that, as appellant required his grantee, Reid to assume both mortgages, we should conclude that appellant assumed both in taking his title.    But not so.    It may well be questioned whether Reid assumed more than the payment of the installments of $15 every six months until the $150 mortgage was paid.    We think it entirely clear that the appellant is entitled to a reformation of the deed to him so as to show that he assumed and agreed to pay only the $150 mortgage.    In view of this conclusion, other questions discussed need not.be considered, as it follows therefrom that the plaintiff's petition should be dismissed.—REVERSED.